**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DURWIN EVANT BONDS, JR.,** | ) | |
| | ) | **Civil Action No. 7:20cv00098** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **JUDGE CLEMENS, *et al.*,** | ) | **By:   Hon. Thomas T. Cullen** |
| | ) | **United States District Judge** |
| **Defendants.** | ) | |

Plaintiff Durwin Evant Bonds, Jr., a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against a judge, a prosecutor, a criminal defense attorney, and a police officer.  Bonds paid the filing fee in full and notified the defendants of this action on his own.  The defendants have all moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6). Having reviewed the pleadings and fully considered the arguments of both parties, the court will grant the motion to dismiss for Bonds's failure to state a claim.[1]

## I.

Bonds was charged in the Roanoke City Circuit Court with assault and battery and abduction.  The state court appointed Defendant Shannon Jones to represent Bonds in the criminal proceedings against him.  Bonds claims that Jones told him, both verbally and in writing, that she was prepared for trial and had subpoenaed all witnesses and evidence that he had requested.  Bonds alleges that Roanoke City Circuit Court records show, however, that counsel never filed any subpoenas. Bonds argues that Jones "fabricated" her statements about

---

[1] The court grants defendant Marsh's motion (ECF No. 56) to accept his motion to dismiss as timely filed.

subpoenaing witnesses and, instead, "maliciously and intentionally refused to subpoena" the witnesses.  Bonds claims that Jones failed to "act in [his] best interest[s]" and did "not provide the assistance of counsel as promised."

On September 25, 2018, Bonds was tried before a jury on the assault and battery and abduction charges, with defendant Judge Christopher Clemens presiding.  Despite defense counsel's alleged failure to subpoena witnesses, Bonds asserts that defendant Assistant Commonwealth's Attorney ("ACA") David Billingsley subpoenaed defendant Police Officer J.D. Marsh to testify.  Officer Marsh was present for the trial and testified during the prosecution's presentation of evidence.  Bonds claims that, after Officer Marsh's testimony, Judge Clemens directed Officer Marsh to "remain available and present" in case they needed to recall him for further testimony.

Bonds further alleges that during a brief recess of the trial, and without the permission of "all the parties," ACA Billingsley "maliciously and intentionally" "order[ed] and/or [gave] permission" for Officer Marsh to leave the trial.  Bonds claims that Officer Marsh was in contempt of court when he left the courtroom and Bonds' defense attorney failed to "challenge [Officer Marsh's] illegal absence" during the trial.

Bonds also claims that Judge Clemens was not an "impartial authority figure" because he failed to issue a warrant for Officer Marsh's arrest and he failed to "insist that court officials, litigants, and all parties involved cooperated with the judge to be punctual in attending court." Bonds argues that Judge Clemens denied him due process by not giving him "access to hear witnesses against as well as in favor of" him.  The court notes that Bonds does not allege that his defense counsel could not or did not cross-examine Officer Marsh when he testified as a

prosecution witness; that his defense counsel intended to call Officer Marsh as a witness; or what testimony Officer Marsh would have or could have provided that would have aided in Bonds' defense.

The jury found Bonds guilty of the assault and battery and abduction charges and recommended a total sentence of four years of active incarceration.  Bonds claims that following the guilty verdict, he fired Jones as defense counsel and retained a new attorney on September 28, 2018.

On December 17, 2019, the state court conducted a sentencing hearing.  At the hearing, Bonds' new attorney moved for a new trial.  During the hearing on the motion, Bonds claims that ACA Billingsley "superciliously admitted to [] sabotaging [] the defense of . . . Bonds . . . without remorse [and] causing irreparable harm to [Bonds'] life, liberty, and property."  Bonds states that Judge Clemens "unjustly" denied the motion for a new trial and denied Bonds equal protection by failing "to report [the] misconduct of ACA Billingsley, Officer Marsh, and defense attorney Jones.  Bonds claims that Judge Clemens "superciliously imposed" the jury's recommended sentence of four years of active incarceration as well as a nine-year sentence on a probation violation.

As relief to his § 1983 complaint, Bonds seeks a declaration that the defendants violated his constitutional rights, release from incarceration, and $6.4 million in damages.

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of

defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005).  Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally.  *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  Moreover, "[l]iberal construction of the pleadings is particularly appropriate

- 4 -

where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

### III.

To the extent Bonds challenges the validity of his conviction and seeks immediate release from incarceration, his claim is not cognizable in a § 1983 action. "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), *see generally*, *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). Simply put, § 1983 does not provide for the first type of remedy that Bonds seeks.

Further, to the extent Bonds seeks damages and declaratory relief, these claims are also barred. "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see Wilkinson*, 544 U.S. at 81-82 (recognizing § 1983 claims for declaratory relief are barred under *Heck* if success of the claims would necessarily demonstrate the invalidity of the prisoner's confinement without favorable termination). Because Bonds

has neither alleged nor demonstrated that his underlying conviction has been invalidated, his claims are barred by *Heck*.

## IV.

Even if Bonds' claims were not barred by *Heck*, Bonds has failed to state a cognizable § 1983 claim against defendants Jones, his court-appointed attorney, and Officer Marsh.  To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988).   An attorney, whether retained or court-appointed, who defends a person against a criminal charge does not act under color of state law in his or her representation of that person.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317-24 (1981) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).   Accordingly, Bonds' cannot pursue this § 1983 action against defense attorney Jones.

With regard to Officer Marsh, Bonds alleges that Marsh was subpoenaed by the prosecution to testify during Bonds' criminal trial; that Marsh testified during Bonds' criminal trial; and that Marsh left the courtroom after providing his testimony because the prosecutor either ordered or gave him permission to leave.  Regardless of whether Officer Marsh violated a directive of the trial judge by leaving with the prosecutor's direction or permission, this allegation, if true, does not state a viable § 1983 claim against Officer Marsh.

## V.

Further, Bonds' claims against Judge Clemens and ACA Billingsley fail because these defendants are entitled to absolute immunity.  Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion.[2]  *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).  "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'"  *Lesane v. Spencer*, No. 3:09CV012, 2009 U.S. Dist. LEXIS 114247, at *6, 2009 WL 4730716, at *2 (E.D. Va. Dec. 8, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds by Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)).  Judges are entitled to immunity even if "the action [they] took was in error, was done maliciously, or was in excess of [their] authority . . . ."  *Stump*, 435 U.S. at 356.  Accordingly, Judge Clemens is entitled to judicial immunity.

A prosecutor is a quasi-judicial officer who also enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions.  *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).  A prosecutor has absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process.  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341-42 (2009).  For example, when a prosecutor takes steps to initiate judicial proceedings or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial motions hearings, absolute

---

[2] Only two exceptions apply to judicial immunity: (1) nonjudicial actions and (2) those actions, "though judicial in nature, taken in complete absence of all jurisdiction."  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citation omitted).  Neither exception applies here.

immunity applies. *Id.* at 343; *see also Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018) ("When a prosecutor is functioning as an advocate for the State, it is clear that his or her actions are 'intimately associated with the judicial phase of the criminal process' and thus protected by absolute immunity.")  In deciding whether an action meets that standard, the court applies a "functional approach," looking to "'the nature of the function performed,' without regard to 'the identity of the actor who performed it.'"  *Nero v. Mosby,* 890 F.3d 106, 118 (4th Cir. 2018) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)).  The focus is on the "conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Buckley*, 509 U.S. at 271.  In this case, Bonds complains solely of ACA Billingsley's conduct as an advocate of the Commonwealth during Bonds' criminal prosecution.[3]  Accordingly, ACA Billingsley is entitled to prosecutorial immunity in this case.

## VI.

For the reasons discussed, the court will grant defendants' motions to dismiss.

**ENTERED** this 23rd day of November, 2020.


_____/s/ Thomas T. Cullen_____
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[3] While Bonds claims that ACA Billingsley "sabotage[ed]" his defense, the court again notes that Bonds does not allege that his defense counsel could not or did not cross-examine Officer Marsh when he testified as a prosecution witness; that his defense counsel intended to call Officer Marsh as a witness; or what testimony Officer Marsh would have or could have provided that would have aided in Bonds' defense.